**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adriane J. Reaser,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Monterey Financial Services, LLC,<br><br>　　　　　Defendant. | No. CV-20-01693-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Monterey Financial Services, LLC's Motion for Judgment on the Pleadings ("Motion") pursuant to Fed. R. Civ. P. ("Rule") 12(c). (Doc. 8) For the following reasons, the Court will grant the Motion.

**I.　　BACKGROUND**

This case seemingly arises out of an alleged violation of the Fair Credit Reporting Act ("FCRA") and a breach of contract. Plaintiff Adriane J. Reaser filed a Complaint in Maricopa County Superior Court on July 31, 2020. (Doc. 1 at 8–11, 23–27) Defendant subsequently removed the case to the U.S. Court for the District of Arizona. (Doc. 1 at 1–6) Plaintiff alleged in her Complaint that Defendant fraudulently disclosed information about her to credit bureaus, resulting in monetary damages to her. (Doc. 1 at 9–10) She further alleged breach of contract, harassment, defamation, "intentional deception for monetary gain," and "criminal stimulation." (Doc. 1 at 9) Defendant filed an Answer (Doc. 7) on September 4, 2020, asserting that Plaintiff failed to state a claim for which relief could be granted, then filed the instant Motion on September 17, 2020. (Doc. 8)

## II. LEGAL STANDARD

"Analysis under Rule 12(c) is substantially identical to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (internal quotation marks and citation omitted). Under both Rule 12(c) and 12(b)(6), a pleading must contain "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although pro se pleadings are liberally construed, the complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## III. DISCUSSION

Defendant argues that Plaintiff failed to make any specific allegations or cite any law governing the alleged wrongs in her Complaint. (Doc. 8 at 2) Based on the allegations, Defendant argues FCRA (15 U.S.C. § 1681, *et seq.*) governs the action and therefore preempts any claims of defamation and "intentional deception for monetary gain" that Plaintiff asserted.[1] (Doc. 8 at 3) Section 1681s-2 codifies the duties and obligations of furnishers of consumer information to credit bureaus, and Defendant makes its arguments based on this section. Defendant further argues Plaintiff's FCRA claims fail as a matter of law because (1) 15 U.S.C. § 1681s-2(a) does not provide a private right of action, instead stating that state or federal officials must pursue the claim, and (2) the duties imposed on furnishers under § 1681s-2(b) only arise after the furnisher receives notice of a dispute from a credit reporting agency. (Doc. 8 at 8–9) Next, Defendant argues Plaintiff has failed to properly plead a breach of contract claim. (Doc. 8 at 10–11) Finally, Defendant asserts that a claim for "criminal stimulation" does not exist. (Doc. 8 at 11) Defendant suggests Plaintiff meant to bring a claim under A.R.S. § 13-2004, which is part of the criminal code, outlawing criminal *simulation*. (Doc. 8 at 11) There is no private cause of action for

---

[1] Defendant also argues in the alternative that if the "intentional deception" claims are not preempted, they fail as a matter of law. Defendant suggests and this Court agrees that the intentional deception claims should be construed as common law fraud claims.

2

criminal simulation.

Plaintiff's Response does not address Defendant's preemption arguments. Plaintiff attempts to make further allegations not included in her Complaint regarding the contract and defamation claims. (Doc. 11 at 1,4) She also argues that Defendant did commit "criminal stimulation." (Doc. 11 at 1,3) Plaintiff further argues her claims fall under 15 U.S.C. § 1692e - § 807. It is not clear what Plaintiff means by § 807, but § 1692e governs debt collection practices, and prohibits false or misleading representations by debt collectors. Plaintiff fails to assert that Defendant engaged in any of its alleged behavior for debt collection purposes, and thus the Court finds § 1681s-2 to be the governing statute, not § 1692e.

Because Plaintiff's claims of fraudulent and inaccurate reporting fall under § 1681s-2, Plaintiff's defamation claims and intentional deception/fraud claims are preempted. FCRA § 1681t(b)(1)(F) provides that § 1681s-2 preempts certain state law claims. Many U.S. District Courts have clarified the interpretation of § 1681t(b)(1)(F). Most importantly, this Court has held that § 1681t(b)(1)(F) completely preempts a state common law cause of action where the conduct giving rise to the claim falls under § 1681s-2. *See Mamboleo v. Wells Fargo Bank NA*, No. CV-14-00648-PHX-DJH, 2015 WL 9691022, at *5 (D. Ariz. Feb. 25, 2015), *aff'd*, 688 F. App'x 418 (9th Cir. 2017); *Shupe v. Capital One Bank USA NA*, No. CV-16-00571-TUC-JGZ, 2017 WL 11112400, at *3 (D. Ariz. Mar. 6, 2017). Plaintiff does not provide any legal arguments to the contrary.

Plaintiff's claims of fraudulent and inaccurate reporting also fail, because as Defendant pointed out, § 1681s-2(a) provides for enforcement by government entity only, and under § 1681s-2(b), furnishers' duties do not arise until the furnisher receives a notice from a credit reporting agency. *See Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009); *see also Andrich v. Navient Sols. Inc.*, No. CV-18-02766-PHX-SMB, 2020 WL 2199445, at *3 (D. Ariz. May 6, 2020). Plaintiff has not made any allegations that Defendant received notification from any credit reporting agency.

Plaintiff's breach of contract claim does not arise out of the same alleged behavior

as the claims under § 1681s-2(a) and thus is not preempted. However, Plaintiff has failed to adequately plead a breach of contract. To state a claim for breach of contract, a plaintiff must allege (1) formation of a contract, (2) breach of that contract, and (3) damages. *Finney v. First Tennessee Bank*, No. CV-12-01249-PHX-JAT, 2013 WL 1897137, at *2 (D. Ariz. May 6, 2013). Plaintiff's Complaint alleges there was a "denied account," a "voided" contract, and asserts that "after the breach there was harrasment [sic], slander and defamation on plaintiff's [sic] and credit profiles." (Doc. 1 at 24) These arguments do not constitute an adequate pleading for breach of contract, nor are there sufficient factual allegations to support the bare accusations as required by *Iqbal*, 556 U.S. 662, 678 (2009).

Finally, there is no private cause of action under A.R.S. § 13-2004 for criminal simulation or criminal stimulation.[2]

**IV.  CONCLUSION**

Plaintiff has failed to plead a cause of action under FCRA and under common law for a breach of contract. Plaintiff's common law defamation and fraud claims are preempted. Plaintiff cannot assert a private cause of action under A.R.S. § 13-2004.

Therefore,

**IT IS ORDERED** that Defendant's Motion for Judgment on the Pleadings (Doc. 8) is **granted without prejudice**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall **terminate** this case and enter judgment accordingly.

Dated this 1st day of October, 2020.

Honorable Steven P. Logan
United States District Judge

---

[2] Plaintiff has not alleged any facts to support an allegation of criminal simulation under A.R.S. § 13-2004, but as she has no right to sue under this statute that omission is irrelevant.

4